IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01173-BNB

MR. AZIZ,

    Applicant,

v.

GOVERNOR BILL OWENS,
CO. PAROLE BOARD, EX REL., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 2 2006

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant currently is incarcerated at the Denver County Jail. Applicant initiated this action by filing **pro se** an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a Colorado state court criminal conviction. The court must construe the application liberally because Applicant is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the **pro se** litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Applicant will be ordered to file an amended application.

The court has reviewed the habeas corpus application and finds that the application is deficient. First, Applicant fails to assert specific facts in support of his claims to demonstrate that his federal constitutional rights have been violated. In support of one of his claims Applicant refers the court to a prior habeas corpus action.

**See Aziz v. Ortiz**, No. 04-cv-02126-ZLW (D. Colo. Apr. 20, 2005). However, 04-cv-02126-ZLW was dismissed without prejudice for failure to prosecute after Applicant failed to file an amended application to clarify the claims he was asserting in that action. Applicant's reference to a prior deficient application does not provide the court with sufficient information to determine if habeas corpus relief may be warranted.

Applicant is advised that Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires him to go beyond notice pleading. **See Blackledge v. Allison**, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

The application also is deficient because Applicant fails to allege specific facts that are necessary for the court to determine whether the application is filed within the one-year limitation period in 28 U.S.C. § 2244(d). Applicant fails to allege the specific date on which he filed his postconviction motion in the state courts and he fails to allege the specific date on which the motion was denied. Applicant also fails to allege the specific dates on which the state appellate courts issued any decisions that relate to the postconviction motion he filed.

Therefore, Applicant will be ordered to file an amended application. In the amended application Applicant must clarify the specific facts that support each asserted claim and he must clarify the dates on which he sought and was denied postconviction relief in the state courts. Accordingly, it is

2

ORDERED that Applicant file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Applicant, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Applicant fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED June 22, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01173-BNB

Mr. Simme Abdul Aziz
a/k/a Mr. Daily
Prisoner No. 1476696
Prisoner No. 113190
Denver County Jail
P.O. Box 1108
Denver, CO 80201

I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 6/22/06

GREGORY C. LANGHAM, CLERK

By _____
Deputy Clerk